UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARMEN RIVERA RAMOS,          :
    Petitioner,              :
                             :              PRISONER
    v.                       :   Case No. 3:15cv1342(RNC)
                             :
                             :
UNITED STATES OF AMERICA,     :
    Respondent.              :

RULING AND ORDER

Petitioner, currently serving a 120-month sentence at the Federal Correctional Institution in Danbury, brings this action for a writ of habeas corpus challenging the computation of her sentence by the Bureau of Prisons.  The issue is whether she is entitled to credit toward her federal sentence for time she spent in temporary federal custody on a writ of habeas corpus ad prosequendum while she was serving a state sentence in New York The Government has moved to dismiss the action on the ground that the time petitioner spent on the federal writ was credited toward the state sentence and thus cannot be applied to the federal sentence.  I agree and therefore dismiss the action.

I. Facts

The relevant facts are undisputed.  On February 28, 2008, petitioner was sentenced in New York state court to one year of imprisonment and two years' supervised release.  On May 7, 2008, U.S. Marshals took temporary federal custody of petitioner pursuant to a writ of habeas corpus ad prosequendum in connection with narcotics charges pending against her in the U.S. District Court for the District of New Jersey.  A writ of habeas corpus ad

prosequendum enables a jurisdiction to take temporary custody of an inmate who is confined within another jurisdiction.  See Lugo v. Hudson, 785 F.3d 852, 855 (2d Cir. 2015).

On November 5, 2008, petitioner pleaded guilty in the District of New Jersey.  On November 4, 2009, she was sentenced to 61 months of imprisonment, to be followed by five years of supervised release.  In the interim, on February 22, 2009, petitioner's New York sentence ended, but she remained in federal custody pursuant to her guilty plea to the narcotics charges in New Jersey.

Petitioner was subsequently charged with drug trafficking in the U.S. District Court for the Southern District of Florida.  On April 5, 2010, she pleaded guilty.  On July 7, 2010, she was sentenced to 120 months of imprisonment followed by five years of supervised release to be served concurrently with the sentence imposed in the federal case in New Jersey.

II. Discussion

Petitioner contends that the BOP has erroneously declined to give her credit toward her federal sentence for the time she spent in temporary federal custody prior to the completion of her state sentence (i.e. May 7, 2008 to February 22, 2009).  The Government correctly argues that the BOP did not err in refusing to credit that time against the federal sentence because the time had already been credited toward the state sentence.

2

A federal sentence commences when the defendant is received into the custody of the Attorney General at the facility at which the sentence will be served.  See 18 U.S.C. § 3585(a).  Credit for time served prior to the commencement of a federal sentence is computed by the Attorney General.  See United States v. Wilson, 503 U.S. 329, 333-334 (1992).  The Second Circuit has held that "[t]he Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any prior time spent in custody."  United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2d Cir. 1998).

Federal sentence computations are governed by 18 U.S.C. § 3585(b), which provides:

> (b) Credit for prior custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).  The Second Circuit has held that, under this last phrase, a defendant has no right to receive credit on a federal sentence for time that has been credited against a prior

state sentence.  United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998).

It is well-established in the Second Circuit that if an inmate is in state custody when he or she is transferred to temporary federal custody pursuant to a writ of habeas corpus ad prosequendum, the inmate remains the subject of the state's jurisdiction during the time spent in temporary federal custody and, if the inmate receives credit for that time toward the state sentence, the inmate may not also receive credit for that time toward a later federal sentence.  See Lugo v. Hudson, 785 F.3d 852, 855 (2d Cir. 2015)("If a prisoner is serving a state sentence when he is produced for a federal prosecution, the writ temporarily transfers him to federal custody for prosecution, but the state retains primary custody for the purpose of calculating his state sentence." (citation omitted)); United States v. Fermin, 252 F.3d 102, 108 n.10 (2d Cir. 2001) ("[A] defendant held at a federal detention facility is not 'in custody' for the purposes of [the commencement of a federal sentence pursuant to] § 3585(a) when he is produced through a writ of habeas corpus ad prosequendum."); Barnes v. Warden, Danbury FCI, No. 3:14cv848(JAM), 2016 WL 1737087, at *3 (D. Conn. May 2, 2016) ("[T]he law is clear that the time during which federal authorities temporarily 'borrow' a state prisoner for federal prosecution purposes and pursuant to a writ of habeas ad

4

prosequendum is not credited under 18 U.S.C. § 3585, provided of course that this 'borrowed' time continues to count for purposes of the prisoner's service of his state sentence." (citation omitted)); Wright v. Hudson, No. 9:12-cv-1638-JKS, 2015 WL 5971055, at *4 (N.D.N.Y. Oct. 14, 2015) (finding that the BOP did not incorrectly refuse to credit federal sentence for time spent in federal custody pursuant to a valid writ of habeas corpus ad prosequendum because Pennsylvania "treated [petitioner] as remaining within state custody during his federal prosecution and credited that period of time towards his state sentence"); United States v. Sanchez-Abreu, No. 09 Cr. 657(RMB), 2011 WL 1453814, at *3 (S.D.N.Y. Apr. 14, 2011)("Defendant is not entitled to receive credit towards both his federal and state terms of imprisonment for the time [he] spent in federal court pursuant to a writ habeas corpus ad prosequendum." (citations omitted)).

III. Conclusion

Accordingly, the petition is denied and the action is dismissed.  The Clerk may enter judgment and close the file.

So ordered this 26th day of January 2017.

```
              ____/s/ RNC_____
              ROBERT N. CHATIGNY
              UNITED STATES DISTRICT JUDGE
```